STATE OF NORTH CAROLINA v. GRAYSON RILEY DAVIS

No. 100A89

(Filed 7 December 1989)

**Narcotics § 4.3 (NCI3d) — trafficking in narcotics — constructive possession — evidence sufficient**

There was sufficient evidence to go to the jury under an instruction on constructive possession in a prosecution for trafficking in cocaine and methadone where the evidence did not support a finding that defendant was in exclusive control of the mobile home where the narcotics were found, but was sufficient to provide the other incriminating circumstances necessary for constructive possession. There was evidence of defendant's presence in the mobile home when the controlled substances were found; officers presented only defendant with a copy of the search warrant after it was read and there was no evidence that defendant protested; a bill of sale for the mobile home was found with defendant's name on it; a bottle of prescription drugs bearing defendant's name was found on a table beside the chair in which defendant was sitting when officers arrived; and defendant did not object during trial when an officer referred to the mobile home as defendant's residence.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 11, 45.**

ON appeal and discretionary review of the decision of the Court of Appeals, 92 N.C. App. 627, 376 S.E.2d 37 (1989), reversing defendant's convictions and sentences entered by *Ross, J.,* in the Superior Court, RANDOLPH County, on 7 December 1987. Heard in the Supreme Court 12 September 1989.

*Lacy H. Thornburg, Attorney General, by Michael Rivers Morgan, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Teresa A. McHugh, Assistant Appellate Defender, for defendant-appellee.*

FRYE, Justice.

Upon proper indictments, defendant was convicted by a jury of trafficking in the controlled substances of dilaudid, codeine, co-

caine, methadone, morphine, and anileridine, in violation of N.C.G.S. § 90-95(h) (1985), and of possession of the controlled substance diazapam in violation of N.C.G.S. § 90-95(a)(3) (1985). On each of the convictions of trafficking in dilaudid, morphine, methadone, and anileridine, defendant was sentenced to life imprisonment and fined $500,000, a total of four life sentences and $2,000,000 in fines. Defendant received a term of thirty years imprisonment and a fine of $100,000 for the offense of trafficking in codeine, fifteen years imprisonment and a $50,000 fine for trafficking in cocaine, and five years imprisonment for possession of diazapam.

From the judgments entered, defendant gave notice of appeal to the Court of Appeals, assigning as error the trial court's denial of defendant's motion to dismiss the charges at the close of the evidence. The Court of Appeals reversed, holding that the trial court should have granted defendant's motion to dismiss all the charges. *State v. Davis*, 92 N.C. App. 627, 376 S.E.2d 37 (1989). Judge Eagles dissented from the portion of the opinion which reversed the two convictions on the trafficking charges relating to the controlled substances (methadone and cocaine) found inside the mobile home. *Id.* at 637, 376 S.E.2d at 43 (Eagles, J., dissenting). The State appealed to this Court as of right on that issue. N.C.G.S. § 7A-30(2) (1986). On 5 April 1989, we allowed the State's petition for discretionary review of that portion of the Court of Appeals' opinion with which the dissenting judge agreed, i.e., the reversal of defendant's convictions related to the controlled substances found in the outbuilding. Since we have determined that the State's petition for discretionary review was improvidently allowed, we address only the issue brought forward by the State's appeal based on the dissenting opinion in the Court of Appeals, the sufficiency of the evidence as it relates to the controlled substances found inside the mobile home.

The specific question for our decision is whether the Court of Appeals erred in reversing defendant's convictions and sentences for trafficking by possession of more than twenty-eight grams of cocaine and trafficking by possession of twenty-eight grams or more of methadone on the grounds that the evidence was insufficient to survive defendant's motions to dismiss as to those charges. We hold that the Court of Appeals erred, and its decision on this issue is reversed.

The State presented evidence at trial that seven law enforcement officers entered a beige mobile home on Marlboro Church

Road in the Hillsville community in Randolph County on 27 February 1987, pursuant to a search warrant which authorized the search of the residence. The officers found seven adults in the living room of the mobile home. Among the seven were the defendant, his wife Patricia, his stepdaughter, her husband, and Vernon Lunsford. At the time of the search, Grayson Davis, the defendant, was fifty-eight years old with physical impairments which required the use of a walker.

When the officers entered the living room of the mobile home to begin the search, Vernon Lunsford ran down the hall into a bathroom and flushed the toilet. An officer, who was pursuing Lunsford, reached into the toilet as it was flushing and retrieved several plastic bags which contained white powder and several large rocks. Both the powder and the rocks were later identified as cocaine. At that time, Lunsford was taken into custody.

The other people in the mobile home were instructed to remain seated in the living room, the search warrant was read, the officers gave a copy of the search warrant to defendant, and the officers continued the search of the mobile home and the area outside the mobile home. They found a blue Crown Royal liquor bag which contained white powder and various tablets in the bathroom where Lunsford was apprehended. In the front bedroom, the officers found bottles containing white tablets identified as methadone. In a wooden box in the front bedroom, the officers also found a mobile home sales contract with the name of Grayson Davis. This sales contract was dated 27 March 1986 and contained a description of a mobile home which matched the description of the mobile home being searched. However, the officers did not compare any of the identification numbers found in the contract with the identification numbers of the mobile home.

In the living room, the officers found several bottles of pills on a coffee table located on the right-hand side of the chair where defendant was seated. One of these bottles was a prescription bottle with defendant's name on it. When defendant was searched, the officers found several white tablets in his pants pockets and between his legs in the seat of the chair. The officers also found drug-related paraphernalia such as scales, syringes, smoking pipes, screen wire, and rolling papers throughout the mobile home.

In presenting its evidence, the State called the following witnesses: Sergeant Bunting, a criminal investigator with the

STATE v. DAVIS

[325 N.C. 693 (1989)]

Randolph County Sheriff's Department who supervised the search of the mobile home; S.B.I. Agent Allcox who was found by the court to be an expert in the field of forensic chemistry and who analyzed some of the controlled substances removed from the premises; Lieutenant Allred, a detective with the Randolph County Sheriff's Department who assisted primarily in the search of the outbuilding; and S.B.I. Agent Hatley who also assisted in the search. Agent Allcox specifically testified as to the laboratory analysis performed on the substances taken from the mobile home and the outbuilding. Agent Hatley testified specifically about the sales contract with the name of Grayson Davis which was found on the premises. The State also introduced some twenty-three exhibits, consisting primarily of bottles and bags of the controlled substances found in the mobile home and the outbuilding which were identified by Agent Allcox, and ten photographs of the controlled substances and drug paraphernalia found inside the mobile home and the outbuilding.

At the close of the State's evidence, defendant moved to dismiss the charge of trafficking by possession of cocaine on the grounds that all the evidence tended to show that the cocaine which was seized in this raid was under the direct control of Mr. Lunsford and that there was no evidence to show that defendant possessed the cocaine at any time. Defendant also renewed his previous motion to dismiss the remaining trafficking charges and the possession of anileridine charge on the grounds that those indictments properly charged only one offense, trafficking in opium. Finally, defendant moved, "for the record," to dismiss the charge of trafficking by possession of methadone. The trial judge denied each of defendant's motions. Defendant elected not to offer any evidence and renewed each of his motions which were again denied by the trial court.

Defendant now contends that the State did not offer sufficient evidence on which a jury could base his guilt. On the issue before us on this appeal, defendant contends that the trial judge erred by not granting his motions to dismiss the charges relating to the cocaine and methadone found inside the mobile home.

When ruling on a defendant's motion to dismiss, the evidence must be considered in the light most favorable to the State. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581 (1975). The State is entitled to every reasonable inference which can be drawn from the evidence presented. *Id.* "If there is substantial evidence—

STATE v. DAVIS

[325 N.C. 693 (1989)]

whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit is denied." *Id.* at 117, 215 S.E.2d at 582. The Court of Appeals held that there was not substantial evidence presented at trial to prove that defendant was guilty of the offenses related to the controlled substances found in the mobile home. *State v. Davis*, 92 N.C. App. at 634, 376 S.E.2d at 42. We disagree and, therefore, reverse the decision of the Court of Appeals on this issue.

Defendant's convictions were based on the theory of constructive possession. Under the theory of constructive possession, a person may be charged with possession of an item such as narcotics when he has both "the power and intent to control its disposition or use," *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972), even though he does not have actual possession. *Id.* "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *Id.* However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred. *State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984). Since the State did not show that defendant had exclusive possession of the mobile home, the real issue is whether the evidence disclosed other incriminating circumstances sufficient for the jury to find that defendant had constructive possession of the narcotics found in the mobile home. When all the evidence is examined in a light most favorable to the State, as it must be on a motion to dismiss, we conclude that the evidence was sufficient to go to the jury on the issue of defendant's constructive possession of the narcotics found in the mobile home.

While the evidence presented in this case does not support a finding that defendant was in exclusive possession of the mobile home because other persons were present and defendant was disabled, the evidence was sufficient to provide the other incriminating circumstances necessary for constructive possession when the possession is nonexclusive. The evidence presented by the State showed that the officers who searched the mobile home found a bill of sale to a mobile home which matched the description of the mobile home being searched. The name on the bill of sale was that of

Grayson Davis, the defendant. The evidence further showed that a bottle of prescription drugs with the name of Grayson Davis was found on a coffee table beside the chair defendant was sitting in when the officers arrived. When the officers searched defendant, they found white tablets in the pockets of his pants and on the chair where he had been sitting.

Defendant relies on this Court's decision in *State v. McLaurin*, 320 N.C. 143, 357 S.E.2d 636 (1987). In *McLaurin* we held that the State did not present enough other incriminating evidence to support a verdict based on constructive possession. *Id.* at 147, 357 S.E.2d at 638. The defendant in *McLaurin* admitted that she lived in the home where the drugs were found. *Id.* at 145, 357 S.E.2d at 638. However, she was not present when the search was made, and two men were seen entering and leaving the house before the search. *Id.* at 144, 357 S.E.2d at 638. In the instant case, defendant was present when the mobile home was searched. In fact, after the search warrant was read to those present, a copy of the warrant was given to defendant before the search was begun. Also, officers found footprints in the snow leading from the house to an outbuilding, but they found no footprints leading from the street to the front door. This permits an inference that those present had been there for some time and that no one else had entered the house since the snow had begun. These and other facts distinguish *McLaurin* from the present case.

In *State v. Brown*, this Court held that the State had made a sufficient case to go to the jury on the issue of constructive possession. 310 N.C. at 570, 313 S.E.2d at 589. The defendant in *Brown* claimed that he was not in exclusive control of the premises because he did not live there. The evidence showed that the defendant was present when the apartment was searched and that narcotics were located on a table only six to eight inches from where defendant was standing when police arrived to search the apartment. *Id.* at 564, 313 S.E.2d at 586. The evidence further showed that police found a key to that apartment and over $1,700 in cash in defendant's pockets when they searched him. The police also had the defendant under surveillance for some time before the search and, on every occasion when police had observed him, he was at this apartment rather than the place he claimed was his home. *Id.* at 565, 313 S.E.2d at 586.

In the present case, defendant likewise on appeal contends that there was no evidence that he lived at this mobile home or

that he had exclusive control of it. However, the other evidence presented in this case, namely: 1) defendant's presence in the mobile home when the controlled substances were found; 2) the fact that the officers presented only the defendant with a copy of the search warrant after it was read and there was no evidence that defendant protested; 3) the bill of sale with defendant's name on it; and 4) the bottle of prescription drugs with defendant's name on it, as the other evidence in *Brown*, was enough to go to the jury on the issue of constructive possession, even though it was nonexclusive possession. Furthermore, as other evidence of possession, Sergeant Bunting, on two separate occasions during his testimony, referred to the mobile home as Grayson Davis' residence. Defendant did not object to this testimony. These circumstances, coupled with defendant's nonexclusive possession of the premises, tend to buttress the inference that defendant had constructive possession of the cocaine and methadone found inside the mobile home.

After reviewing the evidence of this case in a light most favorable to the State, we conclude that there was sufficient evidence to go to the jury under an instruction on constructive possession. Therefore, the Court of Appeals erred in its ruling on this issue. On the State's appeal, the decision of the Court of Appeals reversing defendant's convictions and sentences in case number 87-CRS-2796 (trafficking in drugs by possession of cocaine) and in case number 87-CRS-2797 (trafficking in drugs by possession of methadone) is reversed. The petition for discretionary review of the portion of the Court of Appeals' opinion concerning the controlled substances found in the outbuilding was improvidently allowed.

Reversed in part; discretionary review improvidently allowed.