STATE OF NORTH CAROLINA v. MARGARET CRAWFORD SMITH AND STEVEN JEROME CRAWFORD

No. 8926SC472

(Filed 19 June 1990)

1. **Criminal Law § 57 (NCI3d) — guns found at crime scene — admissibility of evidence**

Defendants' objection to testimony that three guns were found on the premises at the time of defendants' arrests was not timely; moreover, there was no prejudicial error in admission of the evidence since it was relevant to illustrate the circumstances surrounding one defendant's arrest, and it was relevant to the conspiracy charge and the charges of possession with intent to sell or deliver cocaine or marijuana, as

STATE v. SMITH

[99 N.C. App. 67 (1990)]

firearms are frequently involved for protection in the illegal drug trade.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 46, 47.**

2. **Narcotics § 4.3 (NCI3d)— constructive possession of drugs— sufficiency of evidence**

Evidence was sufficient to support an inference of constructive possession of marijuana, cocaine, and drug paraphernalia and an inference that defendant had the intent to sell or deliver marijuana where it tended to show that defendant had control of the residence where the drugs and paraphernalia were found; the utilities were in the name of defendant and her husband, and she was also the lessee of the premises; there was substantial evidence of defendant's close physical proximity to the narcotics; and $335 in cash was found on defendant's person.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 46, 47.**

3. **Narcotics § 4.3 (NCI3d)— constructive possession of drugs— sufficiency of evidence**

Evidence was sufficient to support an inference of constructive possession of cocaine and drug paraphernalia where it tended to show that defendant was arrested in his mother's house where the drugs and paraphernalia were found; he had resided with his mother for over a month; he kept clothes in the chest of drawers where cocaine was found; he slept in the bed where seventeen baggies of cocaine were found; he admitted that the baggies in the bedroom belonged to him; and the officer who searched the bedroom during the raid testified that defendant was in the bedroom at the time of the raid.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 46, 47.**

4. **Narcotics § 1.3 (NCI3d)— small amounts of cocaine found in one room—only one possession—no misdemeanor possession**

There was no merit to defendants' contention that .22 grams of cocaine found on top of a dresser should be considered a separate possession from 2.1 grams of cocaine in seventeen baggies found a few feet away between the bed and a wall, and the trial court therefore was not required to instruct on the lesser included offense of misdemeanor possession of cocaine.

STATE v. SMITH

[99 N.C. App. 67 (1990)]

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 46, 47.**

APPEAL by defendants from judgments entered 8 December 1988 by *Judge Robert E. Gaines* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 9 January 1990.

Defendants Margaret Crawford Smith and Steven Crawford were each indicted on 31 May 1988 for felonious possession with intent to sell or deliver cocaine, felonious possession of cocaine, felonious possession with intent to sell or deliver marijuana, misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia, and common law conspiracy. In addition, defendant Smith was charged with felonious possession of a firearm by a convicted felon. The trial court granted defendant Smith's motion to sever the firearm possession charge. At the close of the State's evidence, the court dismissed the conspiracy charges against both defendants. After all the evidence, the court dismissed the marijuana charges against defendant Crawford.

Defendant Smith was convicted of felonious possession with intent to sell or deliver marijuana, for which she was sentenced to five years imprisonment and possession of drug paraphernalia, for which a one year sentence was imposed. Both sentences are to run concurrently. She was also convicted of felonious possession of cocaine for which a five year sentence, to run consecutively with the other two, was imposed.

Defendant Crawford was convicted of felonious possession of cocaine and misdemeanor possession of drug paraphernalia. He received two years for the cocaine conviction and one year for the drug paraphernalia charge, the sentences to run concurrently.

Both defendants appealed in open court.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lars F. Nance, for the State.*

*Public Defender Isabel Scott Day, by First Assistant Public Defender James Gronquist, for defendants-appellants.*

JOHNSON, Judge.

The State's evidence tended to show the following: On 12 April 1988 at approximately 10:00 p.m., six Charlotte Police Officers,

pursuant to a search warrant, requested entrance to a residence in Charlotte. After being denied admittance, the officers forced entrance into the house. Upon entry, the officers found defendant Smith (who is the mother of defendant Crawford) and another female in the front left room.

A second officer found two juvenile females in the kitchen. A third officer proceeded to the right rear bedroom and found defendant Crawford, two other males, and a female. Defendant Crawford testified at trial that he was not in the bedroom at the time of the search, but that there were three males and two females in the bedroom when it was searched.

All the occupants were searched and taken to the living room where they were secured while the officers searched the house. On a shelf in the living room, an officer found a vase which contained four "nickel" bags of marijuana, a partially smoked marijuana cigarette in defendant Smith's pocketbook, several "roaches" in ashtrays, and a pack of rolling papers and a bag of marijuana in a photograph holder. He also found $335 on defendant Smith's person.

The officer searching the rear bedroom found a bottle labeled "manitol" containing .22 grams of cocaine on top of a dresser, a box of plastic baggies in a dresser drawer, seventeen individual baggies containing a total of 2.1 grams of cocaine in a larger bag wedged between a bed and the wall, a pistol on the bed under some clothing, two more pistols inside a trunk at the foot of the bed, a "power hitter," and some scales.

The State's evidence also showed that the utilities for the residence were in the name of defendant Smith and Curtis Lee Smith, and that defendant Smith had paid the rent on the house since 1985.

Defendant Crawford testified that he had lived with his mother for over a month; that he kept his clothes in the dresser drawer where the cocaine was found; that he had slept in the bed where the seventeen baggies were found; and that the pistols and ammunition were his. He denied having seen the cocaine on the dresser or behind the bed, but admitted that the baggies were his. He stated that he was unaware that marijuana was being smoked in the house that night.

Defendant Smith offered no evidence.

## STATE v. SMITH

[99 N.C. App. 67 (1990)]

**[1]**  By their first Assignment of Error, defendants argue that the trial court erred in allowing testimony by a State's witness that three guns were found on the premises at the time of defendants' arrests on the grounds that the presence of the guns was irrelevant and unduly prejudicial. We find no error.

The State points out in its brief that defendants failed to object to the testimony in question when it was given, and only raised an objection three witnesses later when the guns were being offered in evidence. In fact, prior to trial, defense counsel for one of the defendants stated to the court that he did not object to admitting evidence as to the firearms.

G.S. § 8C-1, Rule 103(a) provides that a party may not assign error to a ruling to admit or exclude evidence unless a substantial right is involved, and a timely objection or a motion to strike appears in the record. 1 Brandis, North Carolina Evidence § 27 (3d ed. 1988). The objection or motion to strike should be made by a party as soon as he has reason to know that evidence is inadmissible. *Id.; State v. Atkinson,* 309 N.C. 186, 305 S.E.2d 700 (1983). Otherwise, the objection is waived. *Id.*

In the instant case, defendants' objection was not timely made, and, therefore, the defendants have waived this assignment of error. *State v. Sloane,* 76 N.C. App. 628, 334 S.E.2d 78 (1985).

Assuming, however, that this argument is properly before us, we find no prejudicial error. The decision to admit or exclude evidence is a matter addressed to the sound discretion of the trial court which will not be disturbed absent an abuse of discretion and "only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Thompson,* 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. § 8C-1, Rule 401. "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." G.S. § 8C-1, Rule 403; *State v. Mason,* 315 N.C. 724, 340 S.E.2d 430 (1986).

We think that the testimony concerning the guns was relevant to "illustrate the circumstances surrounding [defendant Crawford's] arrest." *State v. Teasley,* 82 N.C. App. 150, 160, 346 S.E.2d 227,

233 (1986). We also cannot say that it is totally irrelevant to the conspiracy charge (which was dismissed at the close of the State's evidence), or the charges of possession with intent to sell or deliver cocaine or marijuana. As a practical matter, firearms are frequently involved for protection in the illegal drug trade.

We recognize the highly inflammatory nature of raising the issue of firearms before the jury, and that the probative value of the testimony concerning the guns may have been outweighed by the possibility of undue prejudice. In this case, however, if there was error in admitting the testimony, it was harmless to the defendants since the evidence against them was ample. We consider the possibility that a different result would have been reached if the testimony had been excluded to be remote. G.S. § 15A-1443(a). This assignment is overruled.

By their second Assignment of Error, defendants argue that the trial court erred in denying their motions to dismiss the charges of possession of cocaine, possession with intent to sell and deliver marijuana (as to defendant Smith), and misdemeanor possession of drug paraphernalia. They contend that there was insufficient evidence for the jury to find beyond a reasonable doubt that either defendant had constructive possession of the drugs found on the premises, or that they had the intent to sell or deliver them. We disagree.

In ruling on a motion to dismiss in a criminal action, the evidence must be viewed in the light most favorable to the State, with the State receiving the benefit of all reasonable inferences which may be drawn from the evidence. *State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989). The State must present substantial evidence that the offense charged has been committed, and that defendant committed it. *Id.* The evidence may be direct, circumstantial, or both. *Id.*

Defendants were convicted on the theory of constructive possession. Possession may be either actual or constructive, and a person may be deemed to have constructive possession of a controlled substance if he has "both the power and the intent to control its disposition or use." *State v. Thorpe*, 326 N.C. 451, 454, 390 S.E.2d 311, 313 (1990), *quoting State v. Fuqua*, 234 N.C. 168, 170, 66 S.E.2d 667, 668 (1951). When narcotics are found "on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be

sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Davis, supra* at 697, 386 S.E.2d at 190, *quoting State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). If, however, the person accused does not have exclusive possession of the premises where the substances are found, the State must present evidence of "other incriminating circumstances" to justify the inference of constructive possession. *State v. Davis, supra, citing State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984).

[2] In the case of defendant Smith, the evidence showed that she had control of the residence where the substances and paraphernalia were found. The utilities were in the name of defendant and her husband. She was also the lessee of the premises. There was also substantial evidence of her close proximity to the narcotics: Officer Davis of the Charlotte Police Department testified that marijuana was found in a vase just to the left of where defendant Smith was standing; a partially smoked "roach" was in defendant Smith's purse; several "roaches" were in an ashtray across from where she stood; and cigarette rolling papers were in a picture frame on a coffee table across from defendant Smith. Officer Davis also testified that $335 in cash was found on defendant Smith's person. We also find Officer Davis's testimony that a power hitter with a marijuana leaf on it was found in the rear bedroom to be relevant to showing the connection in use and purpose of the living room and rear bedroom. The officer described the power hitter as "a device for smoking marijuana."

Considering the circumstantial evidence as a whole, *State v. Thorpe, supra,* and in the light most favorable to the State, we hold that the evidence presented was sufficient to support an inference of constructive possession of the marijuana, cocaine, and drug paraphernalia, and that defendant Smith had the intent to sell or deliver the marijuana.

[3] We also find the evidence of constructive possession sufficient to withstand defendant Crawford's motion to dismiss. Defendant Crawford testified that he had resided with his mother for over a month; that he kept his clothes in the chest of drawers where cocaine was found; and that he slept in the bed where the seventeen baggies of cocaine were found. He also admitted that the baggies in the bedroom belonged to him. Officer Hamilton, who searched the bedroom during the raid, testified that defendant Crawford

was in the bedroom at the time of the raid, and that the bedroom was "really close in together."

Our Supreme Court has held that constructive possession may be inferred by evidence that the accused was in "close juxtaposition to the narcotic drugs." *State v. Harvey*, 281 N.C. 1, 187 S.E.2d 706 (1972). In the case of defendant Crawford, the evidence showed that he was in close juxtaposition to the cocaine and paraphernalia, as well as having nonexclusive control of the bedroom. His motion to dismiss the charges against him was properly denied.

[4] Last, defendants argue that the trial court erred in failing to instruct the jury on the lesser included offense of misdemeanor possession of cocaine. Again, we disagree. Defendants failed to object at trial to the lack of an instruction on misdemeanor possession of cocaine. They have therefore waived that argument pursuant to Rule 10(b)(2) of the N.C. Rules of Appellate Procedure. It is correct as defendants point out that the State's attorney requested an instruction on misdemeanor possession of cocaine and the court refused. Neither defense attorney raised an objection to the court's decision.

Even if the issue were properly preserved for appeal, we would be compelled to find it to be without merit. Defendants base their argument on the fact that cocaine was found in two separate locations in the rear bedroom. They contend that the .22 grams of cocaine in a plastic bottle on top of the dresser should be considered a separate possession from the 2.1 grams of cocaine in the seventeen baggies found a few feet away between the bed and the wall. The smaller amount (.22 grams), being less than a gram, would, if considered alone, require an instruction on misdemeanor possession of cocaine.

The State argues persuasively that if separate packages of illicit drugs located within a few feet of each other in the same room must be considered separate possessions, drug dealers could simply divide cocaine into packages containing less than one gram each to avoid being prosecuted for a felony. We agree with the State that the total amount found in the rear bedroom was undoubtedly over one gram, as required by G.S. § 90-95(d)(2) for felony possession. There was no dispute as to the amount involved. Defendant Crawford testified that he had never seen cocaine in the house and denied possessing it. The issue was whether defendants possessed the cocaine, rather than a dispute as to the amount.

This Court has stated that "[i]n the absence of a conflict in the evidence, the contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense." *State v. Coats*, 46 N.C. App. 615, 617, 265 S.E.2d 486, 487 (1980). Defendants' argument is without merit.

We hold that defendants received a fair trial free of prejudicial error.

No error.

Judges PARKER and GREENE concur.