TYSON, Judge.
Wylie William Elder ("defendant") appeals from a judgment entered 15 January 2004 after a jury found him to be guilty of operating a motor vehicle to elude arrest. We find no error.
I. Background
The State's evidence tended to show on 2 March 2003 Cabarrus County Sheriff's Deputy Steven Derrick Wagoner ("Deputy Wagoner") was dispatched to an address on "A" Street where a suspect was fighting with fire and emergency medical services personnel and family members. After Deputy Wagoner arrived on the scene and exited from his patrol vehicle, the dispatcher advised him that the suspect was leaving in a gray S-10 pickup truck. Deputy Wagoner saw the truck turning onto the eastbound lane of Franklin Street about a block away and activated his blue lights and siren. He then angled his vehicle to partially block the eastbound lane of Franklin Street. Although other vehicles stopped, the truck approached Deputy Wagoner's vehicle and went around it.
As Deputy Wagoner pursued the truck, it accelerated and passed another vehicle on a double-yellow line. The oncoming vehicle pulled onto the shoulder of the road and Deputy Wagoner continued the pursuit for about six-tenths of one mile. He opined that the truck was traveling at sixty-five miles per hour in a fifty-five mile per hour zone before it slowed and pulled into a residence and used car lot. Deputy Wagoner got out of his vehicle and ran up to the truck as defendant was exiting it. He told defendant to place his hands on the truck. Deputy Wagoner asked defendant why he did not stop, and defendant said he was trying to get to his friend's house. When the State asked if "at this point did defendant ever attempt to say he didn't see or wasn't aware you were trying to stop him," Deputy Wagoner responded, "not at that time." Deputy Wagoner had no further conversations with defendant regarding why he did not stop prior to placing him under arrest.
Deputy Wagoner cited defendant for operating a vehicle on a highway while fleeing or attempting to flee law enforcement. At the close of the State's evidence, defendant moved to dismiss the charge for insufficiency of the evidence. The trial court denied the motion.
Defendant testified in his own defense and stated that he was going to buy cigarettes on the date in question when he saw sevenor eight volunteer emergency vehicles in front of his mother's house. He said the sight of these vehicles "kind of upset" him. After identifying himself to an emergency worker as her son, he asked one of the men at the scene what was wrong with his mother. Defendant followed the man up the steps of the house, but he was attacked. He was then picked up and pushed out of the door and his leg was injured when he was thrown against the railing baluster. As defendant was getting back into his truck, "this EMS guy, the one who told me to come up on the porch, grabbed the door and tore the door off - the hinge off the door trying to open the door and I was trying to pull off -."
Defendant left to find help for himself and to take out some warrants. He admitted seeing the rear of a police vehicle with its backup lights illuminated as it was backing up out of "A" Street, but he said the police vehicle was not blocking the road. He did not see any lights until he was turning into his friend's driveway and thought the siren was for an ambulance coming to pickup his mother. Defendant denied speeding and passing a vehicle on a double-yellow line.
Defendant further testified after he stopped his truck, the deputy got out of his vehicle with his gun drawn and said, "Don't move." Defendant stated the only thing he told Deputy Wagoner was that he was hurting. On rebuttal, Deputy Wagoner testified approximately twenty minutes elapsed between the time of his arrival and when defendant first mentioned any injury to him. Defendant renewed his motion to dismiss the charge at the close of all the evidence, and the trial court again denied the motion. The trial court submitted the charge to the jury.
On 24 April 2003, defendant filed an affidavit of indigency and was appointed counsel to represent him. Following his conviction in district court on 7 August 2003 on the charge of fleeing to elude arrest in a motor vehicle, defendant appealed to superior court for trial de novo.
On 2 December 2003, defense counsel filed a motion to withdraw as counsel and a motion for appointment of a forensic examiner to determine defendant's capacity to proceed.
Prior to the start of trial on 14 January 2004, defense counsel asked the trial court to verify that defendant wanted her representation. The following exchange then occurred:
THE COURT: Do you want this lady to be your lawyer?
DEFENDANT: I'd rather not.
. . . .
THE COURT: Well, would you rather take it on your own; you want to go on your own?
DEFENDANT: No, I can't afford to do that.
THE COURT: Well, you know, you don't get - you don't get a lawyer that happens to match your karma, you know, just somebody that I don't like this one, I'll take the next one. That's not how it works.
Now I'll allow her to proceed with your consent to represent you or I'll let you represent yourself. But I'm going to limit you to those two choices, and I'm going to tell you that the wiser course in most instances is to have someone trained in the law to represent you. Ready to go?
DEFENDANT: Yes, sir.
THE COURT: All right, are you going to tell me now you're going to fully cooperate with her or do y'all want to discuss your case, and you're going to do what's necessary to -
DEFENDANT: Yes, sir.
THE COURT: Try this. And you're ready to go?
DEFENDANT: Yes, sir.
After the trial court found that defendant had consented to have defense counsel represent him, a jury was selected and impaneled.
On 15 January 2004, the jury convicted defendant of operating a motor vehicle to elude arrest. The trial court imposed a sentence of 120 days, suspended the sentence, and placed defendant on supervised probation for eighteen months. Defendant appeals.
II. Issues
The issues on appeal are whether the trial court erred by: (1) denying defendant's motion to dismiss for insufficiency of the evidence; (2) limiting defendant to accept appointed counsel or proceeding pro se violating his due process right to retain counsel of his own choosing; and (3) allowing the State to ask Officer Wagoner questions implying defendant's guilt due to his silence at the time of arrest.
III. Motion to Dismiss
Defendant first contends the trial court erred by denying his motion to dismiss for insufficiency of the evidence. He argues the State failed to prove that he was operating his motor vehicle for the purpose of fleeing or attempting to elude a law enforcement officer. We disagree.
When ruling on a defendant's motion to dismiss, the trial court must consider the evidence in the light most favorable to the State. State v. Davis, 325 N.C. 693, 696-97, 386 S.E.2d 187, 189 (1989). The State is entitled to every reasonable inference which can be drawn from the evidence presented, and all contradictions and discrepancies are resolved in the State's favor. Id. "If there is substantial evidence - whether direct, circumstantial, or both - to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit should be denied." State v. McKinney, 288 N.C. 113, 117, 215 S.E.2d 578, 582 (1975).
The elements of speeding to elude arrest are: (1) operation of a motor vehicle (2) on a highway or public vehicular area (3) while fleeing or attempting to elude a law enforcement officer who is lawfully performing his or her duties. N.C. Gen. Stat. § 20-141.5(a) (2003). Here, defendant only challenges the sufficiency of the evidence to support the third element of the offense. When viewed in the light most favorable to the State, the testimony of Deputy Wagoner is substantial evidence from which a reasonable juror could find defendant knew he was fleeing or attempting to elude a law enforcement officer who was lawfully performing his duties. Deputy Wagoner testified he activated his vehicle's siren and blue lights and partially blocked defendant's lane with his patrol vehicle, as defendant was approaching Franklin Street. After defendant went around Deputy Wagoner's vehicle, his truck accelerated. As Deputy Wagoner pursued him, defendant passed another vehicle on a double-yellow line. At one point, defendant's truck was traveling sixty-five miles per hour in a fifty-five mile per hour zone. This testimony was substantial evidence of the challenged element. The trial court did not err in denying defendant's motion to dismiss. This assignment of error is overruled.
IV. Appointed Counsel
Defendant next contends the trial court erred by expressly limiting him either to accepting appointed counsel or to proceeding pro se. He argues the trial court's limitation violated his due process right to use retained counsel. We disagree.
"A defendant's right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." State v. Poole, 305 N.C. 308, 318, 289 S.E.2d 335, 342 (1982) (citing Lee v. United States, 235 F.2d 219 (D.C. Cir. 1956)). Our review of the colloquy between defendant and the trial court compels the conclusion that defendant was requesting the appointment of substitute counsel. From his counsel's 2 December 2003 motion to withdraw, it is apparent that defendant had expressed dissatisfaction with appointed counsel's representation almost six weeks prior to his trial. Defendant neither mentioned to the trial court any efforts on his part to retain counsel nor did he request a continuance for that purpose. In his affidavit of indigency, defendant stated hehad been unemployed since 1996 and had no monthly income. From the evidence before the trial court and the record, it appears defendant was not in a financial position to employ counsel of his own choosing and had made no efforts to retain counsel.
When a defendant is assigned appointed counsel, he may not demand counsel of his choice. State v. Anderson, 350 N.C. 152, 167, 513 S.E.2d 296, 305, cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999). Nor does a defendant have the right to insist upon the appointment of new counsel merely because he has become dissatisfied with the services of his appointed counsel. Id. at 167-68, 513 S.E.2d at 306. "In the absence of any substantial reason for the appointment of replacement counsel, an indigent defendant must accept counsel appointed by the court, unless he wishes to present his own defense."State v. Hutchins, 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981). Defendant has not shown good cause for substitution of his appointed counsel, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. State v. Gary, 348 N.C. 510, 516, 501 S.E.2d 57, 62 (1998). The trial court's decision not to present the third option of retaining counsel is supported by defendant's failure to provide a showing of necessity for substitution of new counsel or to show any prejudice resulting from the representation of defendant's appointed counsel. The record also shows defendant expressly agreed to proceed with appointed counsel. See Poole, 305 N.C. at 319, 289 S.E.2d at 342-43. This assignment of error is overruled.
V. Implied Guilt
In his final argument, defendant contends the trial court committed plain error by allowing the State to ask a law enforcement witness questions which expressly implied his guilt from his silence at arrest. He argues, "the State's attempted use of his failure to immediately deny an accusation not yet made amounts to an unconstitutional effort to manufacture an involuntary confession." We disagree.
When a defendant fails to object, he has the burden of showing that the error constituted plain error. State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). Although defendant correctly asserts that "a defendant's exercise of his constitutionally protected right to remain silent . . . may not be used against him at trial," he did not choose to remain silent at the time of his arrest regarding the facts of the incident. State v. Elmore, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994). The in-court questioning of Deputy Wagoner about the extent of defendant's statements violated neither his federal nor his state constitutional right against compelled self-incrimination. See State v. Alkano, 119 N.C. App. 256, 262, 458 S.E.2d 258, 262 (1995). In addition, there is no evidence in the record that the State directly commented on defendant having exercised his constitutional right to remain silent. See id. Defendant has not shown error, much less plain error, by the trial court's failure to intervene ex mero motu during the line of questioning. This assignment of error is overruled.
VI. Conclusion
Substantial evidence was presented to show defendant was operating a motor vehicle to elude arrest. The trial court did not err in denying defendant's motion to dismiss. The trial court did not violate defendant's due process right to use retained counsel by limiting him to choose between his appointed counsel or acting pro se, where defendant had ample opportunity to retain counsel of his choice. The trial court did not commit error by not intervening ex mero moto in the questioning of Deputy Wagoner. Defendant failed to show any plain error by the trial court. Defendant received a fair trial free from the errors he assigned and argued.
No error.
Judges MCCULLOUGH and ELMORE concur.
Report per Rule 30(e).