STATE OF NORTH CAROLINA v. TIMOTHY RAYNARD BIVENS, Defendant

No. COA09-483

(Filed 1 June 2010)

**1. Jury— instructions—no error**

The trial court did not err by failing to give the jury instruction requested by defendant on the full definition of a counterfeit controlled substance set forth in N.C.G.S. § 90-87 because defendant failed to submit his request for the special instruction in writing. Moreover, the jury instruction given by the trial court

was adequate for a jury to determine whether the substance at issue was intentionally misrepresented.

## 2. Drugs— possession of counterfeit controlled substance— sufficient evidence

The trial court did not err in denying defendant's motion to dismiss the charge of possession, sale, and delivery of a counterfeit controlled substance because there was sufficient evidence of each element of the offense, including that defendant represented that the substance at issue was a controlled substance.

Appeal by defendant from judgment entered 25 September 2008 by Judge Calvin E. Murphy in Stanly County Superior Court. Heard in the Court of Appeals 16 November 2009.

*Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.*

*Michael E. Casterline for defendant.*

ELMORE, Judge.

On 18 July 2006, law enforcement officials from several jurisdictions in and around Stanly County met at a staging area in Oakboro to conduct an undercover drug interdiction campaign. Under a mutual assistance agreement between law enforcement departments, officers from outside Stanly County's jurisdiction were assigned to go to specific locations and attempt to buy illegal drugs from suspected street-level dealers. Equipped with an undercover car containing two hidden video cameras and street clothes, Detective Marnee Moberg and Officer Jarrod Hodge went to their designated location to attempt to buy illegal drugs.

Once at their designated location on Hamilton Street, Detective Moberg and Officer Hodge were waved over by Timothy R. Bivens (defendant). Approaching the driver's side window, defendant asked Detective Moberg what she was looking for, to which she replied: "looking for a 20." Based on her training and experience, Detective Moberg understood that to mean twenty dollars' worth of crack cocaine. Defendant instructed the detective to pull off the road, while he walked to a dark SUV nearby. Defendant returned with a small plastic baggie containing a white rock-like substance that both officers believed to be crack cocaine, and Detective Moberg handed defendant a twenty dollar bill.

After the transaction, the officers returned to the staging area where many other officers, including Stanly County Sheriff's Office Detective Speights, joined them in viewing the videotapes of the encounter. Detective Speights took the baggie containing the crack-like substance from the transaction, later identified as calcium carbonate, and helped to identify defendant. A warrant for defendant's arrest was issued 31 July 2006, but was not enforced until February 2007 in order to protect the identities of the officers involved in the undercover operation.

On 25 September 2008, defendant was convicted by jury of (1) one count of possession with intent to sell or deliver a counterfeit controlled substance, (2) one count of sale of a counterfeit controlled substance, and (3) one count of delivery of a counterfeit controlled substance. After the jury returned its verdict of guilty on the above counts, defendant admitted habitual felon status. He was sentenced to an active term of 80 to 105 months' imprisonment. Defendant now appeals.

I. Jury Instruction

**[1]** Defendant first argues that the trial court committed reversible error in failing to give the jury instruction requested by defendant, even though that instruction was supported by law. Defendant specifically argues that the trial court should have instructed the jury "with the full definition of [a] counterfeit controlled substance set forth in N.C.G.S. § 90-87[,]" and that failing to do so did not allow the jury to accurately decide whether defendant made a representation that the substance was a controlled substance. This argument fails.

As our Supreme Court has stated, "the trial court is not required to give the exact instructions requested by a defendant. Instead, requested instructions need only be given in substance if correct in law and supported by the evidence." *State v. Morgan*, 359 N.C. 131, 169, 604 S.E.2d 886, 909 (2004) (citations omitted). Further, as this Court has held, we "review[] jury instructions contextually and in [their] entirety. The charge will be held to be sufficient if it presents the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed." *State v. Blizzard*, 169 N.C. App. 285, 296-97, 610 S.E.2d 245, 253 (2005) (quotations and citation omitted). Additionally, our Supreme Court has held that "a trial court's ruling denying requested instructions is not error where the defendant fails to submit his request for instructions in writing." *State v. McNeill*, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997).

Accordingly, the law supports our immediately overruling defendant's first argument because defendant failed to submit his special jury instruction in writing. Even had the special instruction been properly submitted in writing, however, the trial court did not err in failing to submit it to the jury. The jury instruction given by the trial court regarding the charge of possessing a counterfeit controlled substance, with intent to sell or deliver it, reads in relevant part:

> For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt:

> First, that the defendant knowingly possessed a counterfeit controlled substance. A counterfeit controlled substance means any substance which is by any means intentionally represented as a controlled substance when it is not. It is evidence that the counterfeit substance has been intentionally misrepresented as a controlled substance if the following factors are established: (1) the substance was packaged or delivered in a manner normally used for the illegal delivery of controlled substances; (2) money has been exchanged or requested for the substance, and (3) the physical appearance of the substance is substantially identical to crack cocaine.

> A person possesses a counterfeit controlled substance when he is aware of its presence and has either by himself or together with others both the power and intent to control the disposition or use of that substance.

> And Second, that the defendant intended to sell or deliver the counterfeit controlled substance. Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. You may arrive at the intent of a person by such just and reasonable deductions from the circumstances proven as a reasonably prudent person would ordinarily draw therefrom.

The substantially similar jury instruction that defendant orally requested was taken directly from N.C. Gen. Stat. § 90-87(6), and defines "counterfeit controlled substance" as:

> b. Any substance which is by any means intentionally represented as a controlled substance. It is evidence that the substance has been intentionally misrepresented as a controlled substance if the following factors are established:

1. The substance was packaged or delivered in a manner normally used for the illegal delivery of controlled substances.

2. Money or other valuable property has been exchanged or requested for the substance, and the amount of that consideration was substantially in excess of the reasonable value of the substance.

3. The physical appearance of the tablets, capsules or other finished product containing the substance is substantially identical to a specified controlled substance.

N.C. Gen. Stat. § 90-87(6) (2009).

Defendant contends that omission of "and the amount of that consideration was substantially in excess of the reasonable value of the substance" from the given jury instruction misled the jury and prevented the jury from realizing the State's failure to offer evidence of the value of the substance in the bag, calcium carbonate. Defendant asserts that, given this added information the jury, could conclude that the State failed to prove every factor to establish intentional misrepresentation of a controlled substance and did not meet their burden.

Defendant misconstrues the statute. Defendant concludes that, for a controlled substance to be considered intentionally misrepresented, all three factors listed in the statute must be met. However, the statute clearly states that "[i]t is *evidence* that the substance has been intentionally misrepresented as a controlled substance if the following factors are established[,]" not that those factors are required to find that a controlled substance has been intentionally misrepresented. N.C. Gen. Stat. § 90-87(6)b (2009) (emphasis added).

The jury found that there was adequate evidence that defendant intentionally misrepresented the substance. The white rock-like substance defendant possessed was packaged in a zip-lock baggie and was delivered in the manner normally used for the delivery of controlled substances. Money was exchanged between defendant and Detective Moberg for the substance. The substance defendant possessed and then sold to Detective Moberg substantially resembled crack cocaine.

Viewing the jury instruction given by the trial court contextually and in its entirety, the law and case were sufficiently presented to jury in a clear and accurate manner, and as such the trial court's instruction was adequate for a jury to determine whether the substance was

intentionally misrepresented. Regardless, however, because defendant did not submit the instruction in writing, this assignment of error is overruled.

II. Motion to Dismiss

**[2]** Defendant next argues that there is insufficient evidence to support defendant's convictions for possession, sale and delivery of a counterfeit controlled substance because there is no evidence that defendant represented that the substance was a controlled substance. Defendant argues that, since there is no evidence that he represented the substance as a controlled substance, the trial court erred in denying his motions to dismiss. We disagree.

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is evidence that a reasonable mind might find adequate to support a conclusion." *State v. Hargrave*, —— N.C. App. ——, ——, 680 S.E.2d 254, 261 (2009) (citation omitted). "The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . ." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117. "[C]ontradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve[.]" *State v. Prush*, 185 N.C. App. 472, 478, 648 S.E.2d 556, 560 (2007).

Defendant's convictions resulted from a violation of N.C. Gen. Stat. § 90-95(a)(2), which states that it is unlawful to "create, sell or deliver, or possess with intent to sell or deliver, a counterfeit controlled substance." To obtain a conviction under this statute, "the State must prove (1) that defendant possessed a counterfeit controlled substance, and (2) that defendant intended to sell or deliver the counterfeit controlled substance." *State v. Williams*, 164 N.C. App. 638, 644, 596 S.E.2d 313, 317 (2004) (quotations and citation omitted). N.C. Gen. Stat. § 90-87(6)b defines a counterfeit controlled substance as "[a]ny substance which is by any means intentionally represented as a controlled substance." N.C. Gen. Stat. § 90-87(6)b (2009).

As discussed in section I *supra*, sufficient evidence was presented to the jury that defendant possessed the counterfeit controlled

substance and that he intended to sell or deliver it to Detective Moberg. The evidence presented at trial showed that defendant approached a vehicle, asked its occupants what they were looking for, departed to fill their request for "a twenty," and handed the occupants a little baggie containing a white rock-like substance. Looking at this evidence in the light most favorable to the State, we are hard pressed to hold that a reasonable mind could deduce from these facts that defendant intended to peddle calcium carbonate and did not represent the substance as an illicit drug.

Defendant next asserts that there is no evidence that he knew the substance sold was counterfeit. Specifically, defendant argues that he was an "unwitting middleman" and that it just as likely that he himself believed he was selling Detective Moberg crack cocaine. In so arguing, defendant improperly attempts to insert a knowledge requirement into the relevant statutes.

Nowhere in N.C. Gen. Stat. § 90-95(a)(2) does the crime require that defendant have knowingly misrepresented a counterfeit controlled substance as an actual controlled substance; it requires merely that he "create, sell or deliver, or possess with intent to sell or deliver," the substance. N.C. Gen. Stat. § 90-95(a)(2) (2009). N.C. Gen. Stat. § 90-87(6), which defines the term counterfeit controlled substance, requires only that the substance be "intentionally represented as a controlled substance[,]" not that a defendant have specific knowledge that the substance is counterfeit. N.C. Gen. Stat. § 90-87(6)b (2009). As such, this argument is overruled.

III. Habitual Felon Status

Finally, defendant argues that his sentence as a habitual felon should be set aside because the trial court erred in convicting him. Since we have found no error in the underlying convictions, this argument is without merit.

Accordingly, we hold that defendant received a trial free from error.

No error.

Chief Judge MARTIN and Judge GEER concur.