STATE v. CHISHOLM

[225 N.C. App. 592 (2013)]

STATE OF NORTH CAROLINA
v.
ZAVIER CHARLES CHISHOLM

No. COA12-901

Filed 19 February 2013

**1. Drugs—possession with intent to sell or deliver counterfeit controlled substance—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession with the intent to sell or deliver a counterfeit controlled substance. The evidence was sufficient to establish one of three statutory factors defining a counterfeit controlled substance and to provide an inference of defendant's intent to sell or deliver.

**2. Drugs—possession with intent to sell or deliver cocaine—motion to dismiss—sufficiency of evidence—constructive possession**

The trial court did not err by denying defendant's motion to dismiss the charge of possession with the intent to sell or deliver cocaine. There was sufficient evidence of incriminating factors to support constructive possession.

**3. Evidence—officer testimony—drugs—defendant's bedroom—sole control—similar evidence previously admitted**

The trial court did not err in a drugs case by admitting the testimony of an officer that the room in which the drugs were found was solely controlled by defendant. Where testimony had been previously admitted referring to a bedroom as defendant's bedroom, defendant could not show that he was prejudiced.

Appeal by defendant from judgment entered 12 October 2011 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 January 2013.

*Attorney General Roy Cooper by Special Deputy Attorney General James M. Stanley, Jr. for the State.*

*Appellate Defender Staples S. Hughes by Assistant Appellate Defender Constance E. Widenhouse for defendant-appellant.*

STEELMAN, Judge.

Where evidence was sufficient to establish one of three statutory factors defining a counterfeit controlled substance and to provide an inference of defendant's intent to sell or deliver, the trial court properly denied defendant's motion to dismiss the charge of possession with the intent to sell or deliver a counterfeit controlled substance. Where there was sufficient evidence of incriminating factors to support constructive possession, the trial court properly denied defend-ant's motion to dismiss the charge of possession with the intent to sell or deliver cocaine. Where testimony had been previously admitted referring to a bedroom as "defendant's bedroom," defendant could not show that he was prejudiced when the trial court overruled his objection to an officer's testimony that the room was "solely controlled" by defendant.

## I. Factual and Procedural Background

On 26 April 2010, police executed a search warrant for 3036 Chenango Drive in Charlotte and found what appeared to be controlled substances in Zavier Charles Chisholm's (defendant) bedroom. Defendant was in the room sleeping when police arrived. His girlfriend and his dog were also in the bedroom. When police searched the bedroom, they found razors, crack pipes, spoons, plastic baggies, an electronic scale containing white residue, $600 in cash, and substances that appeared to be controlled substances. Police found two baggies containing white substances, one inside the box springs of the bed and the other inside a duffel bag, which was leaning against the nightstand. Analysis of the substances indicated that the substance found in the box springs consisted of 13.60 grams of cocaine. The other white powder found in the duffel bag weighed 28.60 grams, but did not contain a controlled substance.

Defendant was indicted for possession of drug paraphernalia, possession with the intent to sell or deliver cocaine, possession with the intent to sell or deliver a counterfeit controlled substance, and being an habitual felon. On 12 October 2011, a jury found defendant guilty of all offenses, including being an habitual felon. Defendant was sentenced as a Level V offender to two active terms of imprisonment of 101-131 months for possession with the intent to sell or deliver a counterfeit controlled substance and 101-131 months for possession of drug paraphernalia and possession with the intent to sell or deliver cocaine. The two sentences ran concurrently.

Defendant appeals.

## II. Denial of Defendant's Motions to Dismiss

In his first and second arguments, defendant contends that the trial court erred in denying his motions to dismiss the charge of possession with the intent to sell or deliver a counterfeit controlled substance and the charge of possession with the intent to sell or deliver cocaine. We disagree.

## A. Standard of Review

"The denial of a motion to dismiss for insufficient evidence is a question of law which this Court reviews *de novo.*" *State v. Bagley,* 183 N.C. App. 514, 526, 644 S.E.2d 615, 623 (2007) (citations omitted). "Upon defendant's motion for dismissal, the question for this Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell,* 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). We view the evidence in the light most favorable to the State and any conflicts are resolved in the State's favor. *State v. Fowler,* 353 N.C. 599, 621, 548 S.E.2d 684, 700 (2001). "If substantial evidence exists supporting defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *Id.*

## B. Counterfeit Controlled Substance

[1] "[T]o obtain a conviction of possession with intent to sell and deliver a counterfeit controlled substance, the State must prove (1) that defendant possessed a counterfeit controlled substance, and (2) that defendant intended to 'sell or deliver' the counterfeit controlled substance." *State v. Williams,* 164 N.C. App. 638, 644, 596 S.E.2d 313, 317 (2004). Defendant challenges the sufficiency of the evidence under both elements.

Under the North Carolina General Statutes, a "counterfeit controlled substance" is defined as:

> Any substance which is by any means intentionally represented as a controlled substance. It is evidence that the substance has been intentionally misrepresented as a controlled substance if the following factors are established:

1. The substance was packaged or delivered in a manner normally used for the illegal delivery of controlled substances.

2. Money or other valuable property has been exchanged or requested for the substance, and the amount of that consideration was substantially in excess of the reasonable value of the substance.

3. The physical appearance of the tablets, capsules or other finished product containing the substance is substantially identical to a specified controlled substance.

N.C. Gen. Stat. § 90-87(6)(b)(2011). Defendant contends that for a substance to be considered a counterfeit controlled substance, the State must prove all three factors under the statute. However, this reading of the statute is incorrect. *See State v. Bivens*, 204 N.C. App. 350, 354, 693 S.E.2d 378, 381 (2010) (holding that jury instructions omitting one part of a statutory factor were not misleading because "the statute clearly states that '[i]t is *evidence* that the substance has been intentionally misrepresented as a controlled substance if the following factors are established[,]' not that those factors are required to find that a controlled substance has been intentionally misrepresented."). The statute does not require the State to prove all three elements. *See id.*

To establish the second element of intent to sell or deliver, the "amount of the substance found, the manner in which it was packaged and the presence of other packaging materials" give rise to an inference of defendant's intent to sell or deliver. *State v. Baxter*, 285 N.C. 735, 738, 208 S.E.2d 696, 698 (1974).

In the instant case, there was substantial evidence supporting the defendant's possession of a counterfeit controlled substance under the first statutory factor and his intent to sell or deliver the substance. The evidence, taken in the light most favorable to the State, showed: the duffel bag was leaning against the nightstand, and inside the duffel bag, police found 28.6 grams of a white substance, plastic baggies, a razor blade, and a Brillo pad, an item used for consuming cocaine. The evidence also showed that the white powder was packaged in a knotted plastic baggie, the manner of packaging was consistent with the manner in which cocaine is typically packaged, and the weight of the substance was consistent with the weight in which cocaine is sold. The packaging, the weight of the substance, and the

presence of other materials used for the packaging of narcotics were substantial evidence supporting the submission of the issues of whether the substance was a counterfeit controlled substance and whether defendant had the intent to sell or deliver the substance to the jury.

This argument is without merit.

## C. Constructive Possession

**[2]** To obtain a conviction for possession of a controlled substance with the intent to sell or deliver, "the State has the burden of proving: (1) [d]efendant possessed the controlled substance, and (2) with the intent to sell or distribute it." *State v. Bowens*, 140 N.C. App. 217, 222, 535 S.E.2d 870, 873 (2000); *see also* N.C. Gen. Stat. § 90-95(a)(1)(2011). Defendant contends that there was insufficient evidence to prove he had actual or constructive possession of the cocaine.

"The State is not required to prove actual physical possession of the controlled substance or paraphernalia; proof of constructive possession by the defendant is sufficient to carry the issue to the jury and such possession need not be exclusive." *State v. McBride*, 173 N.C. App. 101, 106, 618 S.E.2d 754, 758 (2005). "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). When an accused does not have exclusive possession of the premises where narcotics are found, "the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).

In *Davis*, officers executing a search warrant for a mobile home found seven adults in the living room, including the defendant, and controlled substances throughout the premises. *Id.* at 694-95, 386 S.E.2d at 188-89. Our Supreme Court upheld the trial court's denial of defendant's motion to dismiss the charges of trafficking in methadone and cocaine, holding that the "evidence was sufficient to provide the other incriminating circumstances necessary for constructive possession when the possession is nonexclusive." *Id.* at 694, 697, 386 S.E.2d at 188, 190. The incriminating circumstances included: "a bill of sale to a mobile home which matched the description of the mobile home being searched," "[t]he name on the bill of sale was that of Grayson Davis, the defendant," "a bottle of prescription drugs with the name

of Grayson Davis was found on a coffee table beside the chair defendant was sitting in when the officers arrived," and white tablets found "in the pockets of [defendant] and on the chair where he had been sitting." *Id.* at 697-98, 386 S.E.2d at 190. Our Supreme Court also emphasized "the defendant's presence in the mobile home," defendant's acceptance of the search warrant without protest, and the testimony received without objection referring to the mobile home as "Grayson Davis' residence." *Id.* at 699, 386 S.E.2d at 191.

In the instant case, because the State did not show that defendant had exclusive possession of the bedroom, there must be "other incriminating circumstances sufficient for the jury to find that defendant had constructive possession of the narcotics[.]" *Id.* at 697, 386 S.E.2d at 190. The evidence, taken in the light most favorable to the State, shows: defendant was sleeping in the bed in the bedroom where drugs were found, defendant's dog was in the bedroom with him, defendant's clothes were in the closet, plastic baggies, drug paraphernalia, and an electronic scale containing white residue were also in the bedroom. The nightstand contained a wallet, which contained a Medicare Health Insurance Card and customer service card identifying defendant, a letter addressed to defendant at 3036 Chenango Drive, and $600 in cash. While police found a backpack containing women's clothes in the room, it did not contain any drugs, drug paraphernalia, or drug packaging materials, and it was found near the door. Other than that backpack, there were no other female items in the room. On several occasions the bedroom was referred to as "defendant's bedroom" or "Zavier's room" and defendant did not object to this testimony. This evidence constituted other incriminating circumstances sufficient to support the submission of the possession with the intent to sell or deliver cocaine charge to the jury under the theory of constructive possession.

This argument is without merit.

### III. Lay Opinion Testimony

**[3]** In his third argument, defendant contends that the trial court erred in admitting the testimony of Officer Pogue that the room in which the drugs were found was "solely controlled" by defendant. We disagree.

### A. Standard of Review

When there has been an error committed by the trial court, the test for prejudicial error in matters not affecting constitutional rights

STATE v. CHISHOLM

[225 N.C. App. 592 (2013)]

is whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a)(2011); *see also State v. Gardner*, 316 N.C. 605, 613, 342 S.E.2d 872, 877 (1986).

### B. Analysis

In the instant case, defendant objected to Officer Pogue's testimony that the "room was solely controlled by [defendant]." The transcript indicates that similar evidence had been previously admitted without objection. Prior to Officer Pogue's testimony, Officer Knaff was asked without objection if "defendant's bedroom" was the one that was locked and whether he saw the defendant when he entered "defendant's bedroom." Officer Knaff also testified without objection that his "area of responsibility for the search was not Zavier's room." Officer Pogue testified without objection that "Zavier and Carmen were found in his bedroom," a photo was taken from "defendant's bedroom," and certain items were "seized out of Zavier Chisholm, the defendant's bedroom."

Even assuming *arguendo* that the trial court erred in overruling defendant's objection to Officer Pogue's testimony that the room was "solely controlled" by defendant, based upon the previous testimony that was received without objection, defendant cannot show prejudice. Therefore, we do not reach defendant's argument that the lay opinion testimony was improper.

This argument is without merit.

NO ERROR.

Judges McGEE and HUNTER, JR., Robert N. concur.