**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4237**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY STARKIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:14-cr-00026-BO-1)

Submitted:  September 24, 2019                    Decided:  September 26, 2019

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Starkie appeals the district court's order revoking his supervised release and imposing a 24-month term of imprisonment. Starkie admitted two violations for using cocaine but contends that the Government's evidence at the revocation hearing was insufficient to support the district court's finding that he also violated the terms of his supervised release by committing the North Carolina offenses of possessing with intent to distribute cocaine and maintaining a premise for distributing cocaine.* We affirm.

We review the district court's revocation of supervised release for abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). Starkie argues that the Government failed to establish his constructive possession of the drugs discovered in a residence occupied by Starkie based on the testimony of a police officer who discovered the drugs. However, we conclude that, considering the officer's testimony combined with Starkie's history of cocaine trafficking, the district court did not abuse its discretion by finding by a preponderance of the evidence that Starkie possessed and trafficked in the cocaine found in the apartment. *See State v. Chisholm*, 737 S.E.2d 818, 822 (N.C. Ct. App. 2013) (setting out elements of possession with intent to distribute and test for constructive possession).

---

*\* See* N.C. Gen Stat. §§ 90-95(a)(1), 90-108(a)(7) (2017).

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*